# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH SCHIFFMANN, AS PERSONAL REPRESENTATIVE OF ESTATE OF MARK E. SCHIFFMANN, DECEASED, AND INDIVIDUALLY, <br><br> Plaintiff, <br><br> v. <br><br> SANOFI-AVENTIS U.S. LLC; SANOFI US SERVICES INC.; CHATTEM, INC.; BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; PFIZER INC.; WALGREEN CO.; WALGREEN'S BOOTS ALLIANCE, INC.; COSTCO WHOLESALE CORPORATION; AMERISOURCEBERGEN CORPORATION; JOHN DOE, INC. AND JANE DOE, LLC, <br><br> Defendants. | CASE NO. |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Sanofi-Aventis U.S. LLC ("Sanofi-Aventis"), Sanofi US Services Inc. ("Sanofi US"), Chattem, Inc. ("Chattem"), Boehringer Ingelheim Pharmaceuticals, Inc. ("BI"), Pfizer Inc. ("Pfizer"), Walgreen Co., Walgreens Boots Alliance, Inc., Costco Wholesale Corp. ("Costco"), and AmerisourceBergen Corporation (collectively, "Removing Defendants") hereby give notice of removal of this action, *Schiffmann, et al.*, *v. Sanofi-Aventis U.S. LLC*, *et al.*, Case No. CI 20-06832, from the District

Court in and for Douglas County, Nebraska to the United States District Court for the District of Nebraska. As grounds for removal, Removing Defendants state as follows:

## INTRODUCTION

1. This action is one of many related lawsuits filed against manufacturers and distributors of Zantac (ranitidine) relating to cancers allegedly caused by the drug. On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 582134, at *2 (J.P.M.L. 2020). The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, well over 400 actions have been transferred to the Zantac MDL, with more (including this action) surely to follow.

2. None of the Removing Defendants named in these ranitidine-related cases is a citizen of Nebraska.

3. Thus, the basis for removal here is materially identical to the basis for federal jurisdiction over dozens of substantially similar ranitidine-related cases previously transferred to the MDL: there is complete diversity of citizenship between Plaintiffs and Defendants.

4. Only Removing Defendants have been served with the Complaint.

## BACKGROUND

5. On August 27, 2020, Plaintiff Deborah Schiffmann, as personal representative of the Estate of Mark E. Schiffmann, deceased, and individually, filed her Complaint in the District Court in and for Douglas County, Nebraska against nine entities that Plaintiff alleges are current

and former manufacturers, distributors, and retailers of Zantac. The thrust of this Complaint—like others in the MDL—is that Mr. Schiffmann ingested Zantac and, as a direct and proximate result, developed cancer—in this case renal cancer. Compl. ¶ 1. A copy of the Complaint is attached as Exhibit 1. Specifically, Plaintiff alleges that Defendants "tested, developed, designed, manufactured, marketed, sold, distributed and promoted Zantac® and Ranitidine products which were defective and unreasonably dangerous[.]" *Id.* ¶ 66.

6. As Plaintiff acknowledges, none of the named Defendants is a citizen of Nebraska. *Id.* ¶¶ 6, 6.1-6.9.

7. The Complaint asserts seven theories of liability against all Defendants: (1) strict liability—failure to warn; (2) strict liability in tort; (3) negligence; (4) breach of express warranty; (5) breach of implied warranties; (6) violation of the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 *et seq.* and (7) violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 *et seq*. *Id.* ¶¶ 64-120. Additionally, the Complaint asserts claims for wrongful death, conscious pain and suffering of decedent, and consortium. *Id.* ¶¶ 121-129.

8. Defendants received the Complaints through service as follows:

- Defendant Sanofi-Aventis received the Complaint through service on August 31, 2020.
- Defendant Sanofi US received the Complaint through service on September 8, 2020.
- Defendant Chattem received the Complaint through service on September 1, 2020.
- Defendant BI received the Complaint through service on August 31, 2020.
- Defendant Pfizer received the Complaint through service on August 31, 2020.
- Defendant Walgreen Co. received the Complaint through service on August 31, 2020.
- Defendant Walgreens Boots Alliance, Inc. received the Complaint through service on August 31, 2020.

- Defendant Costco received the Complaint through service on August 31, 2020.

- Defendant AmerisourceBergen Corp. received the Complaint through service on September 11, 2020.

9. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet, all process, pleadings, orders, and other documents on file with the District Court of Douglas County are attached hereto as Exhibit 2.

## VENUE AND JURISDICTION

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 107, 1391, 1441(a), and 1446(a) because the District Court of Douglas County, Nebraska, where the Complaint was filed, is a state court within the District of Nebraska.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I.     There Is Complete Diversity of Citizenship Between Plaintiff and All Defendants.**

12. There is complete diversity of citizenship here because Plaintiff is a Nebraska citizen, and all nine named Defendants are citizens of states other than Nebraska. Compl. ¶¶ 4, 6, 6.1-6.9.

13. Plaintiff alleges that she resides and that she and Mr. Schiffmann sustained injuries in Nebraska. *Id*. ¶¶ 4, 5. Plaintiff further alleges that Mr. Schiffmann's estate is pending in Douglas County, Nebraska. *Id*. ¶ 5. Therefore, upon information and belief, both Plaintiff and Mr. Schiffmann are Nebraska citizens. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th

Cir. 2005) ("Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely."); 28 U.S.C. § 1332(c)(2) (providing that the legal representative of an estate shall be deemed to be a citizen of the same state as the decedent).

14. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state in which its members are citizens. *Jet Midwest Int'l Co., Ltd. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019).

15. Defendant Sanofi-Aventis U.S. LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. Compl. ¶ 6.1. The sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation with its principal place of business in New Jersey. Defendant Sanofi-Aventis U.S. LLC is, therefore, a citizen of Delaware and New Jersey.

16. Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. *Id.* ¶ 6.2. Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

17. Defendant Chattem, Inc. is a corporation organized under the laws of Tennessee with its principal place of business in Chattanooga, Tennessee. *Id.* ¶ 6.3. Chattem, Inc. is, therefore, a citizen of Tennessee.

18. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 6.4. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

19. Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *Id.* ¶ 6.5. Pfizer, Inc. is, therefore, a citizen of Delaware and New York.

20. Defendant Walgreen Co. is a corporation organized under the laws of Illinois with its principal place of business in Deerfield, Illinois. Walgreen Co. is, therefore, a citizen of Illinois.

21. Defendant Walgreens Boots Alliance, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Deerfield, Illinois. *Id.* ¶ 6.7. Walgreens Boots Alliance is, therefore, a citizen of Delaware and Illinois.

22. Defendant Costco is corporation organized under the laws of Washington with its principal place of business in Issaquah, Washington. *Id.* ¶ 6.8. Costco is, therefore, a citizen of Washington.

23. Plaintiffs allege that Defendant AmerisourceBergen Corporation is a corporation organized under the laws of Delaware with its principal place of business in Chesterbrook, Pennsylvania. *Id.* ¶ 6.9. According to Plaintiffs' allegations, AmerisourceBergen Corporation is, therefore, a citizen of Delaware and Pennsylvania.

24. Because Plaintiff is a citizen of Nebraska and all Defendants are citizens of states other than Nebraska, complete diversity of citizenship exists between Plaintiff and Defendants. *See* 28 U.S.C. §§ 1332(a).

**II.    The Amount in Controversy Exceeds $75,000.**

25. Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

26. Plaintiff asserts that Mr. Schiffmann "required medical care," and the fair and reasonable cost of that care is under investigation but is "estimated at not less than $300,000" and

-6-

"believed to be at least $300,000." Compl. ¶ 122, 126. Thus, it is apparent from the face of the complaint the Plaintiff's claims exceed the jurisdictional minimum of $75,000, and the amount in controversy requirement is satisfied.

27. To be sure, however, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Where the complaint does not establish a specific amount in controversy, it may be "facially apparent that the claims are likely above the jurisdictional minimum." *Gonzalez v. Eagle Parts & Prods.*, 2007 WL 675108, at *4 (D. Neb. Mar. 5, 2007) (citations and internal quotations omitted). In *Gonzalez*, the plaintiff sought a minimum of $33,500 for medical expenses, future medical expenses, around-the-clock home health care expenses, and amounts for disability and pain and suffering. *Id.* The court found that "based on the nature of the plaintiff's claim, together with the prayer for damages and other evidence in the record," the plaintiff's damages exceeded the jurisdictional minimum. *Id.* at *5. For similar reasons, that is also the case here.

28. Plaintiff alleges that Mr. Schiffmann "suffered great mental anguish" and alleges that Mr. Schiffmann "sustained personal injuries, including illness, disease, need for extensive medical treatment intervention and care," and "special damages including loss income, loss earning capacity, medical costs and costs incidental thereto[.]" Compl. ¶ 73. Plaintiff further alleges that Mr. Schiffmann contracted renal cancer "which caused his conscious pain and suffering and wrongful death." *Id.* ¶ 122. Plaintiff seeks general and special damages for wrongful death and loss of consortium due to the "loss of her husband's care, comfort, companion, society, support, services, advice, counsel, love and affection during his lifetime." *Id.* ¶¶ 129. *See also*

*id.* ¶ 123. Plaintiff also requests attorneys' fees. *Id.* ¶ 133. It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

29.     Courts have found that allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount-in-controversy requirement has been met. Indeed, in another Zantac case in which the plaintiff similarly claimed cancer as an injury, a federal court in the District of Nevada recently denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury as well as, in part, the plaintiff's demand for attorneys' fees. *See Brooks v. Sanofi S.A.*, 2020 WL 1847682, at *3–4 (D. Nev. Apr. 13, 2020); *see also, e.g.*, *Gonzalez*, 2007 WL 675108, at *4-5 (denying motion to remand when plaintiff alleged medical expenses, future medical expenses, around-the-clock home health care expenses, and amounts for disability and pain and suffering); *Jones v. Canyon Creek Apartments*, 2018 WL 5410968, at *2 (W.D. Mo. Oct. 29, 2018) (citations omitted) (denying motion to remand when plaintiffs alleged serious and substantial medical expenses in the present and future, and damages for pain, emotional distress, loss of capacity to provide assistance to their households, lost opportunities, and loss of enjoyment of life); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015) (holding that serious medical injuries alleged, including cancer, supported deduction that amount-in-controversy requirement was met, and reversing district court's rationale for remanding case); *Gates v. 84 Lumber Co.*, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) (inferring that amount-in-controversy requirement was met when alleged injury included cancer); *Caire v. Murphy Oil USA, Inc.*, 2013 WL 5350615, at *2 (E.D. La. Sept. 23, 2013) (the "severity" of a cancer diagnosis falls within the "spectrum of damages" that meet the minimum for diversity jurisdiction).

30. Jury awards in cases involving similar allegations and requested damages further confirm that the amount in controversy meets the jurisdictional threshold. For example, in *Allen v. Takeda*, the jury found that a prescription medication caused the plaintiff's bladder cancer and awarded him more than $1 million in compensatory damages for pain and suffering and medical costs. Jury Verdict, *Allen v. Takeda Pharma. Int'l, Inc.*, 2014 WL 1394617 (W.D. La., Apr. 7, 2014). In another federal court case in this Circuit, a jury awarded $225,000 in compensatory damages to a plaintiff on her claim that a pharmaceutical company negligently failed to warn consumers that its product could cause a severe jawbone disease. *Baldwin v. Novartis Pharm. Corp.*, 2012 WL 1356336 (W.D. Mo. April 6, 2012).

31. Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 (as is the case here) or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction. Over eighty plaintiffs in these cases allege that they have been diagnosed with renal cancer, the type of cancer alleged by Plaintiff on behalf of the decedent, Mr. Schiffmann. *See, e.g.*, *Francis v. Boehringer Ingelheim Pharm., Inc.*, 9:20-cv-80361 (S.D. Fla.); *Payne v. Boehringer Ingelheim Pharm., Inc.*, 9:20-cv-80376 (S.D. Fla.). Like those cases, this case meets the requirements for federal diversity jurisdiction.

### III. All Other Removal Requirements Are Satisfied.

32. The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), and all properly served Defendants join in the removal.

33. Defendants received the Complaints through service as follows:

- Defendant Sanofi-Aventis received the Complaint through service on August 31, 2020.
- Defendant Sanofi US received the Complaint through service on September 8, 2020.

- Defendant Chattem received the Complaint through service on September 1, 2020.

- Defendant BI received the Complaint through service on August 31, 2020.

- Defendant Pfizer received the Complaint through service on August 31, 2020.

- Defendant Walgreen Co. received the Complaint through service on August 31, 2020.

- Defendant Walgreens Boots Alliance, Inc. received the Complaint through service on August 31, 2020.

- Defendant Costco received the Complaint through service on August 31, 2020.

- Defendant AmerisourceBergen Corp. received the Complaint through service on September 11, 2020.

34. Thus, Removing Defendants file this Notice of Removal within 30 days of their receipt through service of the Complaint. *Couzens v. Donohue*, 854 F.3d 508, 514 (8th Cir. 2017) ("All defendants in a suit who have been properly joined and served must consent to removal.").

35. The Removing Defendants are providing Plaintiffs with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

36. Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants are filing a copy of this Notice of Removal with the Clerk of the Douglas County, Nebraska court.

37. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to the Removing Defendants at the time of filing this Notice—are attached hereto as Exhibit 2.

38. By filing this Notice of Removal, Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the

propriety of the removal to this Court, Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Removing Defendants give notice that the matter bearing Case No. CI 20-06832 pending in the District Court in and for Douglas County, Nebraska, is removed to the United States District Court for the District of Nebraska, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated this 24th day of September 2020.

By: */s/ Michael K. Huffer*
Michael K. Huffer – 18087
John A. McWilliams - 25798
**CASSEM TIERNEY ADAMS GOTCH & DOUGLAS**
9290 West Dodge Road, Suite 302
Omaha, Nebraska 68114-3320
Tel. (402) 390-0300
mhuffer@ctagd.com
jmcwilliams@ctagd.com

*Attorneys for Defendants*
*Sanofi-Aventis U.S. LLC, Sanofi US*
*Services Inc., and Chattem, Inc.*

-12-

/s/ *Andrew T. Bayman (w/permission)*
Andrew T. Bayman (*pro hac vice* forthcoming)
Robert B. Friedman (*pro hac vice* forthcoming)
Julia Zousmer (*pro hac vice* forthcoming)
**KING & SPALDING LLP**
1180 Peachtree Street
Suite 1600
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: abayman@kslaw.com
Email: rfriedman@kslaw.com
Email: jzousmer@kslaw.com

*Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.,*


/s/ *Joseph G. Petrosinelli (w/permission)*
Joseph G. Petrosinelli (*pro hac vice* forthcoming)
**WILLIAMS & CONNOLLY LLP**
725 12th Street NW
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jpetrosinelli@wc.com

*Attorney for Defendant Pfizer Inc.*

-13-

                */s/ Sarah E. Johnston (w/permission)*
                Sarah E. Johnston (*pro hac vice* forthcoming)
                **BARNES & THORNBURG LLP**
                2029 Century Park East, Suite 300
                Los Angeles, CA 90067
                Telephone: (310) 284-3880
                Facsimile: (310) 284-3894
                Email: sjohnston@btlaw.com

                *Attorney for Defendants Walgreen Co., Walgreens Boots Alliance, Inc. and Costco Wholesale Corporation*


                */s/ Larry R. "Buzz" Wood, Jr. (w/permission)*
                Larry R. "Buzz" Wood, Jr., Esquire (*pro hac vice* forthcoming)
                Lauren E. O'Donnell, Esquire (*pro hac vice* forthcoming)
                **BLANK ROME LLP**
                One Logan Square
                130 North 18th Street
                Philadelphia, PA  19103
                (215) 569-5659
                LWood@BlankRome.com
                ODonnell@BlankRome.com

                *Attorneys for Defendant AmerisourceBergen Corporation*